IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY KING, Inmate #10340-045,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 02-596-JPG |
| ) | |
| **CHARLES GILKEY and the FEDERAL** ) | |
| **BUREAU OF PRISONS,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, currently incarcerated in the Federal Correctional Institution in Greenville, Illinois, brings this action pursuant to 42 U.S.C. § 1983 challenging prison regulations that prevented him from (1) contacting his broker and thus causing stocks he owned to lose value and (2) from obtaining computer programming books to assist his self-rehabilitation. On May 16, 2003, the Court dismissed the action upon its review of the case under 28 U.S.C. § 1915A, finding that Plaintiff's claims were frivolous and failed to state a claim (Doc. 11). Plaintiff appealed from the Court's judgment (Doc. 13). The United States Court of Appeals for the Seventh Circuit has now issued an order affirming the Court's dismissal of the Bureau of Prisons as a defendant, but reversing the Court's dismissal of Plaintiff's claims against defendant Charles Gilkey, and remanding the case.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendant **CHARLES GILKEY**, the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT of ILLINOIS** and **the ATTORNEY GENERAL of the UNITED STATES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is

**DIRECTED** to send Plaintiff **3** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **CHARLES GILKEY**.  The Clerk shall also prepare a summons for the United States Attorney for the Southern District of Illinois and the Attorney General of the United States. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **CHARLES GILKEY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, and on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  The Marshal shall also serve a copy of the Complaint, Summons, and this Order upon the United States Attorney for the Southern District of Illinois and upon the Attorney General of the United States at Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall

be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: October 3, 2005**

                                                     **s/ J. Phil Gilbert**
                                                   **U. S. District Judge**