## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Case No.  02-596-JPG-PMF |
| | ) | |
| CHARLES GILKEY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion to reconsider and to stay discovery. The defendants urge evaluation of their qualified immunity defense before they are subjected to discovery.

This portion of the motion is considered under Rule 54(b). That Rule permits the Court to revisit an order or decision at any time prior to the entry of a final judgment where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir. 1990).

The Court finds no valid reason to reconsider the decision to enter a scheduling and discovery order in this case. This case had been referred for pretrial proceedings following an appearance by defendant Gilkey and service on Gilkey's counsel of record (Doc. Nos. 29, 30). Such orders are typically entered after a defendant has appeared and been served. Fed. R. Civ. P. 16(a).

With respect to the request to stay discovery, protective orders are appropriate to protect a person subject to discovery from annoyance, embarrassment, oppression, or undue burden or expense. Such orders may be requested following an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c). At this time, it does not appear that the parties informally discussed an order staying discovery before the motion was filed. Hence, this request is premature. Moreover, the Court is not informed regarding the nature of discovery requests served on the defendants. Defendants' motion (Doc. No. 66) is DENIED without prejudice to a proper Rule 26(c) motion following a good faith effort at informal resolution.

**IT IS SO ORDERED.**

**DATED:   October 3, 2006  .**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**