# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY KING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Case No.  02-596-JPG-PMF |
| | ) |
| **CHARLES GILKEY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court are plaintiff's motion to compel discovery and defendants' motion for a protective order.

Rule 34 provides that a party may request, among other things, the production of documents that "constitute or contain matters within the scope of Rule 26(b)" and are in the custody or control of another party. Fed. R. Civ. P. 34(a). Rule 26(b) prescribes the scope of matters upon which a party may seek discovery. Parties may obtain discovery regarding any matter not privileged that is relevant to the claim or defense of the parties. Fed. R. Civ. P. 26 (b)(1). The requested information sought need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. In deciding whether to compel a particular response to a discovery request, the Court should independently determine the proper course of discovery based upon the arguments of the parties. *See, e.g., Spears v. City of Indianapolis*, 74 F. 3d 153, 158 (7th Cir. 1996).

For good cause shown, and following an effort to resolve the dispute without court action,

a protective order will be entered when justice requires to protect a person subject to discovery from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).

Defendants have served objections to plaintiff's extensive written discovery.  Motions challenging an order granting pauper status and raising qualified immunity are pending.  Those motions also challenge the extent of the defendants' personal involvement.  Plaintiff's response to the pending motions is on file.  Under these circumstances, the parties will not prejudiced if discovery is delayed pending resolution of issues raised in the pending motions.  Furthermore, the materials submitted suggest that Judge Gilbert may reconsider his order granting leave to proceed as a pauper.  Specifically, it appears that plaintiff had three "strikes" when his motion to proceed as a pauper was granted and that he is not asserting claims that satisfy the requirements of 28 U.S.C. § 1915(g).  Also, the defendants' qualified immunity defense appears to have arguable merit.

Plaintiff's motion to compel discovery (Doc. No. 75) is DENIED.  Defendants' motion for protective order (Doc. No. 81) is GRANTED as follows.  Discovery is STAYED pending rulings on the qualified immunity defense and motion to reconsider plaintiff's pauper status.

**IT IS SO ORDERED.**

**DATED:   November 15, 2006 .**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**