# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY KING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Case No.  02-596-JPG-PMF |
| | ) |
| **CHARLES GILKEY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for reconsideration of the order granting plaintiff's motion to proceed as a pauper (Doc. Nos. 65).  The motion is opposed (Doc. No. 69).

Plaintiff is confined at FCI-Greenville.  In his Amended Complaint, he asserts *Bivens* claims for declaratory, injunctive, and monetary relief against Charles Gilkey, former warden, and Sarah Revell, current warden.  He alleges that these defendants violated rights protected by the First, Fifth, and Eighth Amendments to the U.S. Constitution by censoring his incoming mail and regulating his telephone conversations.  Specifically, he claims that the defendants prohibited purchase of specific educational materials (regarding computer programing languages) without any legitimate governmental interest (Count I).  He also claims that he was deprived of any access to assets held by a financial advisor (Count II).  These allegations do not indicate that King faces imminent danger of serious physical injury.  Hence, his pauperis status is incorrect if he has accumulated three or more "strikes."  28 U.S.C. § 1915(g).

Defendants' request for reconsideration is considered under Rule 54(b), which permits the Court to revisit an order at any time prior to the entry of a final judgment. The judgment entered on May 16, 2003, was reversed in part on appeal, with remand for further proceedings (Doc. Nos. 12, 27).

In support of their motion, defendants present additional information regarding plaintiff's past litigation, which, when considered along with the information initially provided by plaintiff, shows that plaintiff had at least three "strikes" when he sought leave to proceed as a pauper in this case.  Plaintiff argues that this request lacks merit; is frivolous and spurious, and amounts to abuse of process.

When plaintiff sought leave to proceed in forma pauperis, he did not describe his full litigation history (Doc. Nos. 1, 2).  The Court granted pauper status without considering whether some of plaintiff's prior litigation in the U.S. District Court for the Western District of Missouri disqualified him under the "three strikes" provision.  28 U.S.C. § 1915(g).  Reconsideration is warranted under these circumstances, and plaintiff's fee status should be settled before the merits of his claims are addressed.

The materials now on file demonstrate that plaintiff had these "strikes" when he initiated this action on June 11, 2002:

- *King v. Knox*, No. 98-4209 (W.D. MO. Sept. 9, 1998)(dismissed pursuant to § 1915A)[1]
- *King v. U.S. Marshal*, No. 98-4210 (W.D. MO. August 24, 1998)(dismissed as frivolous)
- *King v. Fulton St. Hosp.*, No. 98-4227 (W.D. MO. Dec. 10, 1998)(dismissed pursuant to § 1915)
- *King v. Milne*, No. 98-4228 (W.D. MO. Sept. 16, 1998)(dismissed as frivolous)

---

[1] The District Court granted pauperis status on a provisional basis and dismissed without prejudice pursuant to § 1915A, finding that the claims asserted were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Judge Foreman subsequently evaluated this dismissal and counted it as a strike. *King v. Bell*, No. 04-90-JLF (S.D. IL. Feb. 26, 2004).

Accordingly, IT IS RECOMMENDED that defendants' motion for reconsideration (Doc. No. 65) be GRANTED.  The order granting plaintiff's motion for leave to proceed as a pauper (Doc. No. 4) should be reconsidered.  Plaintiff's motion for leave to proceed as a pauper (Doc. No. 2) should be denied and plaintiff should be ordered to pay the remaining portion of his filing fee ($148.17) within 30 days.

**SUBMITTED:  January 2, 2007 .**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**