UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY KING,

    Plaintiff,

v.

CHARLES GILKEY, BUREAU OF
PRISONS and SARAH REVELL,

    Defendants.

Case No. 02-cv-596-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 95) filed by plaintiff Anthony King ("King"). In an order dated February 7, 2007 (Doc. 90), the Court vacated King's *in forma pauperis* status and ordered him to pay the balance of the filing fee for this case – $ 148.17 – on or before February 23, 2007. It further warned King that it would dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution and/or for failure to comply with an order of the Court if he did not timely pay in full the balance of the filing fee. On March 7, 2007, the Court had not received any payment from the plaintiff or any indication of any reason why he was unable to pay this fee as ordered. Accordingly, the Court dismissed this case with prejudice and entered judgment accordingly.

King asks the Court to vacate the judgment because he never received the Court's February 7, 2007, order directing him to pay the balance of the filing fee. Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v.*

*City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999).

The Court is uncertain why King did not receive the Court's February 7, 2007, order. It could have been a Clerk's Office or a U.S. mail error, or the order may have missed King during his recent move from prison to a half-way house. In any case, dismissing King's case for failure to pay the filing fee where he did not receive any warning that he must pay the full filing fee and where he did not have a realistic opportunity was a manifest error and justifies relief under Rule 59(e).

For this reason, the Court **GRANTS** the motion to alter or amend the judgment (Doc. 95), **VACATES** the order dismissing this case (Doc. 93) and the judgment (Doc. 94), **REINSTATES** this case, including the motion to dismiss for failure to state a claim or, in the alternative, for summary judgment (Doc. 63), **DIRECTS** the Clerk of Court to send King a copy of the February 7, 2007, order (Doc. 90) along with this order, and **ORDERS** that, for the reasons stated in that order, King shall have up to and including April 27, 2007, to pay the balance of the filing fee for this case – $ 148.17. The Court **WARNS** King that it will dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution and/or for failure to comply with an order of the Court if he does not timely pay in full the balance of the filing fee. The Court further **STAYS** this case pending receipt of the full balance of the filing fee.

**IT IS SO ORDERED.**
**DATED:  March 22, 2007**

                                                    s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**